**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**REBECCA A.  BEATTY,**

> **Plaintiff,**

**v.**                                                              **Case No.: 8:06-cv-221-T-30MSS**

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

> **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**THIS CAUSE** comes on for consideration of the Commissioner's Motion to

Dismiss or, in the Alternative, Motion for Summary Judgment (the "Motion") (Dkts.

11, 12) and Plaintiff's response thereto (Dkt. 13).   Because this Court has

considered the affidavit submitted by Plaintiff in her response to the Commissioner's

Motion, this matter shall proceed before this Court as a motion for summary

judgment.

I.      **BACKGROUND**

The Commissioner moves this Court for a dismissal of Plaintiff's claim for

Plaintiff's failure to file her complaint within sixty-five (65) days as required by 42

U.S.C. § 405(g) and 20 C.F.R. § 422.210 (a) & (c).  The facts of the case are as

follows:

1.    On September 13, 2005, an Administrative Law Judge (the "ALJ") of the Social Security Administration (the "SSA") denied Plaintiff's application for Social Security Disability benefits;

2.    On December 2, 2005, the Appeals Council of the SSA denied Plaintiff's request for review of the ALJ's decision;

3.    The Appeals Council deemed the ALJ's decision to be the final decision of the Commissioner in Plaintiff's case.  It instructed Plaintiff that she had sixty (60) days from receipt of its denial to file a civil action.  The Appeals Council further informed Plaintiff that she was presumed to have received the notice five (5) days after the date shown on the notice; and,

4.    Plaintiff commenced the instant action on February 9, 2006, after the sixty-five (65) day deadline.[1]  In her complaint (Dkt. 1), Plaintiff asks this Court to find her disabled and entitled to disability benefits, remand the case to the Commissioner for further hearing and award attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

## II.    STANDARD OR REVIEW

A motion for summary judgment may only be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the

---

[1]The parties disagree on the exact date of the sixty-five (65) day deadline.  The Commissioner contends the deadline was February 6, 2006.  Plaintiff contends the deadline was February 7, 2006, "one day" before the date on the complaint.  This discrepancy is immaterial given that both parties agree the action was commenced after the sixty-five (65) day deadline.

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c)); Celotex Corp. v. Catrett, 477 U.S. 317, 324-325 (1986). "The moving party is entitled to judgment as a matter of law if the nonmoving party cannot sufficiently show an essential element of the case as to which the nonmoving party has the burden of proof."  Cornelius v. Town of Highland Lake, 880 F.2d 348, 351 (11th Cir. 1989).  Mere allegations of denial are insufficient to meet the burden of opposing summary judgment, and the party resisting summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

In evaluating a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury, and, therefore, the evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in the nonmovant's favor.  See id. at 248.

Finally, the relevant rules of substantive law dictate the materiality of a disputed fact.  Thus, the decision of summary judgment in this case must be made with reference to the standard of proof applicable to the claims on which the motion is brought.  See Rollins v. TechSouth, Inc., 833 F.2d 1525, 1527-28 (11th Cir. 1987).

## III.    DISCUSSION

The Commissioner asserts that Plaintiff's claim should be denied because she

failed to seek judicial review of the SSA's denial of her claim within sixty-five (65)

days of the denial.   Further, the Commissioner asserts that the circumstances

presented in this case do not warrant equitable tolling of the statute of limitations.

In response, Plaintiff concedes that the complaint was untimely, however, she

contends the delay in filing was due to her counsel's unintentional "scrivener's error"

in an internal docketing system, not through any fault of her own.   Thus, Plaintiff

asserts that equitable tolling of the time limit is appropriate given the "extraordinary

circumstances" of her case, which were beyond Plaintiff's control and "unavoidable

by her even with due diligence."  (Pl. Br. at 4)

The social security regulations, in pertinent part, state:

> (a) General. A claimant may obtain judicial review of a decision by
> an administrative law judge if the Appeals Council has denied the
> claimant's request for review, or of a decision by the Appeals
> Council when that is the final decision of the Commissioner.

> (c) Time for instituting civil action. Any civil action described in
> paragraph (a) of this section must be instituted within 60 days after
> the Appeals Council's notice of denial of request for review of the
> administrative law judge's decision or notice of the decision by the
> Appeals Council is received by the individual, institution, or
> agency, except that this time may be extended by the Appeals
> Council upon a showing of good cause. For purposes of this
> section, the date of receipt of notice of denial of request for review
> of the administrative law judge's decision or notice of the decision
> by the Appeals Council shall be presumed to be 5 days after the
> date of such notice, unless there is a reasonable showing to the
> contrary.

20 C.F.R. § 422.210 (a) & (c) (2006)(emphasis added).

The sixty (60) day period prescribed in the regulations is not jurisdictional. Hatchell v. Hecker, 708 F.2d 578, 580 n.1 (11th Cir. 1983)(citing Rowland v. Califano, 588 F.2d 449, 550 n.2 (5th Cir. 1979). Instead, the time period represents a statute of limitations which allows for the traditional application of equitable tolling. Bowen v. City of New York, 476 U.S. 467, 480 (1986). Traditionally, equitable tolling is permissible when "a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. U.S., 177 F.3d 1269, 1271 (1999). In cases between private litigants,

> [f]ederal courts have typically extended equitable relief only sparingly. [They] have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. [They] have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights. . . . [T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect.

Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990).

These same standards apply to lawsuits commenced against the Government. Id. Additionally, in social security cases, for equitable tolling to apply some sort of "affirmative misconduct" by the Commissioner is generally required. Waller v. Comm'r of Soc. Sec., No. 04-488-cv-OC-10-GRJ, 2006 WL 460899 at *2 (11th Cir. Feb. 27, 2006).

Here, it is undisputed that Plaintiff's complaint was untimely.  Further, Plaintiff presents no allegations of "secretive conduct" or "affirmative misconduct" on the part of the Commissioner.  In fact, Plaintiff states that such conduct is "clearly not at issue in the instant case."  (Pl. Br. at ¶ 5)  Additionally, Plaintiff does not rebut the presumption that she received the notice of denial within five (5) days.  See Pettway ex rel. Pettway v. Barnhart, 233 F. Supp. 2d 1354, 1357-63 (S.D. Ala. 2002) (denying the Commissioner's motion to dismiss because the plaintiff submitted sufficient evidence to rebut the presumption that the plaintiff received the notice within five (5) days).  Plaintiff's only contention is that the statute of limitations should be equitably tolled in this case because Plaintiff's counsel, and not Plaintiff, caused the delay.

Plaintiff's counsel has admitted that he "mistakenly entered the incorrect date of [Plaintiff's] federal court filing deadline into a computer docketing system."  (Pl. Br., Ex. A)  Plaintiff's counsel incorrectly entered December 13, 2005, into the docketing system as the date the SSA denied Plaintiff's claim and February 13, 2006, as the date the complaint was due in federal court.  (Pl. Br., Ex. A)  In the complaint, Plaintiff's counsel stated he discovered the error on February 8, 2006, after the deadline had passed.  (Dkt. 1)  Plaintiff's counsel contends that this extraordinary occurrence "should not be equitably allowed to entirely vitiate [Plaintiff's] disability claim."  (Pl. Br. at 5)

At the onset, it is worth noting that the consequences for Plaintiff's counsel's action, or inaction, can be imposed on Plaintiff.  In <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626 (1962), after six years of litigation, counsel for the petitioner failed to appear at a pretrial conference.  The Seventh Circuit subsequently dismissed the petitioner's case for failure to prosecute.  <u>Id.</u> at 629.  The Supreme Court affirmed that dismissal.  <u>Id.</u>  In its opinion, the Court rejected the argument that the petitioner could not be bound by the acts of his attorney because there was an "inference of conscious acquiescence" by the petitioner.  <u>Id.</u> at 633-34 n.10.  The Court noted:

> there is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client.  Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.  Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent . . . .

<u>Id.</u>

This principle has been applied in other contexts where the party-client did not "consciously acquiesce," but instead merely relied on her attorney to handle matters on her behalf.  <u>See</u> <u>Pioneer Inv. Servs. Co.  v. Brunswick Assocs.</u>, 507 U.S. 380, 397 (1993) (holding respondents accountable for the acts and omissions of their chosen counsel);  <u>U.S. v. Boyle</u>, 469 U.S. 241 (1985) (holding that a taxpayer's failure to timely file a tax return is not excused by the taxpayer's reliance on an attorney).  Thus, the principle is equally applicable to the present case.  Presumably, Plaintiff

relied on her attorney to timely file her complaint in federal court. As such, her attorney's failure to timely file her complaint is imputed to Plaintiff as the client. Similarly, the consequences for failing to timely file are also imputed to Plaintiff.

Additionally, Plaintiff's counsel can not now reasonably contend that his inadvertence permits equitable tolling of the sixty (60) day statute of limitations. As noted above, equitable tolling is permissible when "a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik, 177 F.3d at 1271. The extraordinary circumstance required for equitable tolling "is reserved for extraordinary facts." Waller, 2006 WL 460899 at *2 (quoting Cabello v. Fernandez-Larios, 402 F.3d 1148, 1154-55 (11th Cir. 2005)). Here, Plaintiff's counsel filed Plaintiff's complaint late because he mistakenly entered the wrong information in his computer docketing system. Counsel's error caused him to believe Plaintiff's complaint was due in federal court on or before February 13, 2006. While unfortunate for Plaintiff, the untimely filing of social security appeals by attorneys is not uncommon. See Roberts v. Shalala, 848 F.Supp. 1008,1015-17 (M.D. Ga.1994) (granting the Secretary's motion for summary judgment when plaintiff's attorney filed plaintiff's complaint after the deadline of August 30, 1993, when the attorney believed the deadline to be September 6, 2003); Wiss v. Weinberger, 415 F.Supp. 293, 294-95 (E.D. Penn. 1976) (granting the Secretary's motion to dismiss when the complaint was mailed by plaintiff's attorney

and received by the clerk of court one day after the sixty (60) day time limit).  Thus, the circumstances in this case, while regrettable, are not extraordinary.

Further, even if the circumstances are considered extraordinary enough to warrant equitable tolling, the circumstances must have been "unavoidable even with diligence."  Sandvik, 177 F.3d at 1271.  Here, Plaintiff's counsel did not discover his erroneous entry until February 8, 2006, after the sixty (60) day deadline had passed. Even if Plaintiff's counsel believed he had sixty (60) days from December 13th to file Plaintiff's complaint, he waited fifty-seven (57) days from that date to verify the actual deadline.  As asked by the court in Roberts, when faced with a plaintiff who waited fifty-seven (57) days to file a social security appeal which was ultimately late, "[why] wait until the time has almost run to submit a complaint for filing and run the risk that there has been an error in calculating the period for filing?"  848 F.Supp. at 1017 n.8. The Roberts court determined that such a delay did not demonstrate diligence on behalf of the plaintiff or on the part of plaintiff's attorney.  Id. at 1017.  This Court is constrained to make that same finding.  Had Plaintiff's counsel been diligent, he would have properly calendared the date in the first instance and he may have discovered earlier the error entered in the docketing system and timely filed Plaintiff's complaint.  As such, this Court can not conclude that the delay in filing was "unavoidable even with diligence."  Thus, Plaintiff's counsel does not offer and this Court cannot find any basis for invoking the doctrine of equitable tolling.

## IV.    CONCLUSION

In light of the foregoing, the Undersigned respectfully and regrettably **REPORTS** and **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion (Dkts. 11,12) and **DISMISS** this case with prejudice.

Respectfully **RECOMMENDED** in Tampa, Florida on this 6th day of July 2006.

MARY S. SCRIVEN
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies furnished to:

Presiding District Court Judge
Counsel of Record
Unrepresented Parties